(142 App. Div. 143.)

HYGIENIC ICE & REFRIGERATING CO. v. FRANEY, County Clerk.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. TAXATION (§ 490*)—PROCEEDINGS—APPEAL.

Since the Tax Law (Consol. Laws, c. 60) § 255, provides that the determination of the recording officer upon the question of the exemption of supplemental mortgages from taxes for recording shall be reviewable by the State Board of Tax Commissioners, one who has appealed to the board from a determination of the recording officer taxing an additional mortgage is bound by an adverse decision of the board unless he has such decision reviewed by certiorari, and cannot ignore it and sue the recording officer to recover the amount of taxes assessed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 872, 873; Dec. Dig. § 490.*]

2. STIPULATIONS (§ 3*)—STIPULATION AS TO ISSUES.

In an action against a county clerk to recover an amount paid upon recording an additional mortgage on the ground that the tax was erroneously assessed therefor, the second defense was that the statute gave plaintiff an exclusive remedy to review the determination of the clerk by an appeal to the State Board of Tax Commissioners, and the third defense was that, at the commencement of this action, such an appeal was pending, and the fourth defense was that upon such appeal the board had determined that the tax was lawfully exacted, and upon trial the parties stipulated to first try the third defense and stipulated certain facts for that purpose. *Held*, that in determining the sufficiency of the third defense the court could consider the fact that the state board had determined that the tax was lawfully exacted as alleged in the fourth defense; there being no law permitting a stipulation for the trial of a single issue to the exclusion of other issues made.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 2; Dec. Dig. § 3.*]

3. PLEADING (§ 217*)—DEMURRER—EFFECT.

A demurrer searches the record for the first defective pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 540–548; Dec. Dig. § 217.*]

Kellogg, J., dissenting in part.

Appeal from Trial Term, Albany County.

Action by the Hygienic Ice & Refrigerating Company against John Franey, as clerk of the county of Albany. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Frost, Daring & Warner (J. S. Frost, of counsel), for appellant.

H. & W. A. Hendrickson (W. A. Hendrickson, of counsel), for respondent.

SMITH, P. J. In the complaint it is alleged that on March 1, 1907, the plaintiff duly executed a trust mortgage to secure bonds to the amount of $125,000, and duly paid the tax for recording the same, that thereafter further property was purchased by the plaintiff, and upon January 1, 1908, the plaintiff executed another trust mortgage upon the property included in the first mortgage and upon the further

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

property purchased to secure bonds to the value of $300,000. It was shown by affidavit that bonds of the value of $108,000, secured by the second mortgage, were for the purpose of substitution for an equal amount of bonds secured by the first mortgage. The county clerk exacted payment of a tax of $1,500 upon filing of the second mortgage. The plaintiff protested that such tax as was apportionable to $108,000 of the bonds secured thereby was not payable under section 255 of the tax law (Consol. Laws, c. 60), because that amount of the bonds secured thereby was for substitution for the bonds secured by the prior mortgage. This contention was overruled by the clerk, and the full amount of tax was paid. The county clerk gave to the plaintiff a receipt for the same, with a statement of the protest under which the amount assessable to $108,000 of said bonds was paid. The complaint is against the county clerk to recover back $540, or the amount of tax assessable upon the $108,000 bonds, and to enjoin the distribution of said amount by the county clerk until the determination of the action. The answer sets up first a denial of information sufficient to form a belief as to the fact that the bonds aggregating $108,000 issued under the new mortgage were for the purpose of substitution for the amount of the bonds issued under the old mortgage. The second defense is that by section 255 the plaintiff was given an exclusive remedy to review the determination of the clerk by an appeal to the State Board of Tax Commissioners. The third defense is to the effect that at the time of the commencement of this action such an appeal had been taken and was pending. The fourth defense is that upon such appeal the State Board of Tax Commissioners determined that the tax was lawfully exacted and sustained the action of the county clerk. Upon the trial the parties stipulated to try first the issue raised by the third defense, and to the end that such issue might be tried certain facts were stipulated. The court filed a decision and directed a judgment overruling the third defense with costs, and, from the judgment entered upon this decision, this appeal has been taken.

By the statute itself, which provides for the payment of this tax, the right of review of the determination of the clerk is given to the State Board of Tax Commissioners. It is not necessary here to determine whether or not that right is exclusive. It cannot be that a party may pursue two remedies, and, if the determination of one of the remedies is favorable and the other adverse, that he may adopt the decision favorable to himself and ignore the other. Having made his appeal to the State Board of Tax Commissioners, and that appeal having been determined adversely to him, it would seem that his remedy then was confined to a review by certiorari of the determination of the State Board of Tax Commissioners, and he cannot ignore that determination and proceed with this action.

But we are warned by respondent's counsel that we may not consider the matter of the determination by the State Board of Tax Commissioners, because that is alleged in the fourth defense, which has not been submitted to the court for trial or considered by the trial court. I know of no right to the parties to an action to create new

forms of proceedings, new methods of the trials of issues not provided for by the Code, and new judgments that are not recognized anywhere in the practice. There is no provision of law for stipulating the trial of a single issue to the exclusion of the other issues in the case, except in certain cases by demurrer; but no demurrer has been here interposed. Concededly the defense which the parties have tried did not state facts sufficient for a demurrer and other facts have been stipulated. A demurrer searches the record for the first defective pleading. This stipulation submits no such question to the trial court. The respondent insists that we shall not consider the allegations of the fourth defense. If the third defense be held insufficient, perchance the parties will stipulate then to try the fourth defense separately, and piecemeal judgments will be entered and appeals taken therefrom, which are not only unauthorized, but which serve to the embarrassment of procedure in the courts and to the demoralization of the practice presented by statute and rule. This judgment should therefore be reversed as wholly irregular and unauthorized by any practice known to the courts.

The judgment is therefore reversed, with costs.

Judgment reversed. All concur, except KELLOGG, J., who writes for judgment for the defendant.

JOHN M. KELLOGG, J. (for reversal, with judgment for defendant). I cannot agree with the Presiding Justice in condemning the practice upon the trial. Sections 966 and 967 of the Code of Civil Procedure provide for a separate trial of the issues of law and issues of fact arising in the same case, and permit the trial of one or more issues of law either separately or together, as the court may direct.

In Ampersand Hotel Co. v. Home Insurance Co., 198 N. Y. 495, 91 N. E. 1099, 28 L. R. A. (N. S.) 218, no demurrer had been interposed to an answer, but upon the trial the court, upon the motion of the plaintiff, struck out the answer as insufficient. The Court of Appeals sustained the practice, saying:

"If the defense was insufficient in law, it was proper, when it had not been demurred to, to object to it at that time and to move for its dismissal. The advantage in such practice is that the ground to be covered by the evidence upon the trial is seasonably restricted."

In the case at bar the facts mentioned in the third answer were admitted, and it was stipulated that the court might try the issues of law raised, "and that, in case the court should determine that such defense does not constitute a complete defense to this action, then that this cause be continued on the calendar for trial at some subsequent trial term." The stipulation did not contemplate a trial of the case by piecemeal and the entry of several judgments, but that, if the third answer was held sufficient, final judgment should enter; otherwise, the trial was to proceed. The practice was equivalent to a demurrer, and put it before the court to determine whether the answer was sufficient, and, under the familiar rule that a demurrer to the answer searches the complaint, the court was required to determine whether the complaint alleged a cause of action. In substance, the practice

upon the trial was the court, at the request of the counsel on both sides, in its discretion, tried an issue of law before entering upon the trial of the questions of fact. A recording tax, by section 253 of the tax law, was imposed upon the mortgage. Section 255 of the tax law, relating to "supplemental mortgages," exempts certain classes of such mortgages, in whole or in part, and provides the remedy to be pursued by the mortgagee to avail himself of the exemption. If the county clerk rules against him the remedy provided is an appeal to the State Board of Tax Commissioners. The statute creating the exemption also names a board to determine its application in any given case, and such appeal is therefore an exclusive remedy.

The second answer pleads section 255 of the tax law, and claims that by reason thereof this action cannot be maintained. The third answer alleges an appeal pending under section 255 of the tax law, and that by reason thereof this action cannot be maintained. Each answer, therefore, raises the question of the effect of that section. It is manifest that, if an appeal is the exclusive remedy, either answer constitutes a perfect defense. It is therefore unnecessary to consider what effect the pending appeal has here, as the plaintiff has no other remedy.

A supplemental mortgage contemplates something to which it is supplemental. It is not the primary and only mortgage. In this case the first mortgage was discharged, and the mortgage in question was intended as a first mortgage to take the place of the other one which was to be discharged. The statute does not contemplate that, if a man pays one mortgage with money borrowed upon another mortgage, the latter mortgage is exempt from taxation. Both are original mortgages, and the exemption provided for a supplemental mortgage has no application.

I am of the opinion that the third answer is good, and also that the complaint does not state facts sufficient to constitute a cause of action. The judgment, therefore, should be reversed, with costs, and judgment directed in favor of defendant, with costs.